## Smith's Estate.

*Executors and administrators—Accounts—Confusion of accounts.*

1. Where an administrator has failed to file an account until twelve years after decedent's death, and has not administered the estate in a methodical way so that a confusion of his accounts exists, the courts cannot relieve him, except in such matters as are evidently erroneous.

*Executors and administrators—Costs—Surcharge.*

2. Where an administrator is surcharged with a number of items, but at the same time numerous exceptions to his account are dismissed, he will not be charged with all of the costs, but these will be divided between him and the estate.

Argued March 10, 1914. Appeal, No. 3, March T., 1914, by J. J. Nutt, from decree of O. C. Dauphin Co., sustaining exceptions to account in Estate of W. H. Smith, deceased. Before RICE, P. J., ORLADY, HEAD, PORTER, HENDERSON, KEPHART and TREXLER, JJ. Decree modified and affirmed.

Exceptions to report of W. E. Buffington, Esq., auditor. The opinion of the Superior Court states the case.

*Error assigned* was decree sustaining exceptions to account.

*Edwin W. Jackson,* with him *Neiffer & Saussman,* for appellant.

*W. L. Loeser,* with him *Alex. M. Thompson,* for appellee.

OPINION BY HENDERSON, J., July 15, 1914:

The appellant did not file an inventory of the estate of the decedent until about eleven years after he took out letters of administration, and his account was filed about twelve years after the decedent's death. The business was not administered in a methodical way and it is not surprising that a confusion of accounts existed which embarrassed the appellant in stating his account. Whatever difficulty he has experienced in his respect he brought on himself and the courts are not able to relieve him except in such matters as are evidently erroneous. The learned judge of the orphans' court gave careful attention to the auditor's report and to the exceptions thereto taken by the parties and reached a conclusion on the evidence which ought not to be disturbed except for the clearest reasons. Sufficient cause has not been shown to induce us to support all of the assignments of error. In two respects, however, the decree should be modified. The twenty-fifth assignment relates to six separate accounts included in the appraisement as part of item sixty-one. They amount to $97.93 and are credits as to which no exceptions were filed. Nine other accounts under the same item were excepted to, and the exceptions were considered and in part allowed by the auditor. In making his restatement of the account the auditor credited the accountant with the total amount of items not excepted to in the account which he reported as amounting to $561.57. This should have been increased by the amount of the six separate items not objected to under item sixty-one. A comparison of the credits claimed in the account with those excepted to, shows that these six items were overlooked by the auditor in stating the amount of unobjectionable credits. This probably arose out of the fact that the exceptions to the sixty-first item of credit only went to a part of that item. The learned judge of the orphans' court evidently took the figures as to the total amount not excepted to from the report

as found by the auditor and made the calculations of the decree on that basis. This oversight was easily made and unless the attention of the court was directed to it and a careful examination of the basis of the calculation made the error could not have been discovered. The accountant is clearly entitled to additional credit to the amount of the six items covered by the twenty-fifth assignment.

The decree imposes the costs of the audit on the accountant, but in view of the number of the exceptions taken and the result of the litigation thereon it is equitable that these costs be divided between the accountant and the estate. The exceptors sought to charge the accountant with more than $2,000 on exceptions which were disallowed. One item involved nearly $1,000. The accountant was thus put to the necessity of defending himself against claims found not to be meritorious and the result was so strongly against the exceptors that the whole burden of the litigation should not be borne by the accountant: Merkel's Est., 131 Pa. 584. The decree is modified therefore by allowing to the accountant an additional credit of $97.93 on account of the omitted claims of credit under item sixty-one of the account and one-half of the costs of the audit are imposed on the appellees.

As thus modified the decree is affirmed, the costs of this appeal to be paid by the appellant.